UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN COUNTY

---

IRMA MARTINEZ,

       Plaintiff,

vs.

Case No. 08-C-0810

JEFFERSON N. CALIMLIM,
ELNORA M. CALIMLIM,
JEFFERSON M. CALIMLIM,
CHRISTOPHER JACK CALIMLIM, and
CHRISTINA CALIMLIM

       Defendants.

---

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

---

This will serve as the Brief in Support of Defendant's Motion to Dismiss Counts 2, 3 and 4 in the above-referenced matter. In this instance, the plaintiff with respect to the defendant, Christina Calimlim, will never be in a position to state a cause of action pursuant to the Civil RICO Act at 18 U.S.C. § 1962(c), the Wisconsin Organized Crime Control Act at Wis. Stat. § 946.80, et seq., and Involuntary Servitude Claim at 18 U.S.C. § 1584.

Based upon the allegations in the plaintiff's Complaint, at the time that the plaintiff, Irma Martinez, was brought into the United States, the defendant, Christina Calimlim, was approximately 5 years old. Count 1 is a claim based on 18 U.S.C. § 1962(c) and is directed against the parent defendants. According to the plaintiff, the parent defendants are defined in Paragraph 2 of the plaintiff's Complaint. They are identified as the parents of Christina Calimlim, Jefferson N. and Elnora M. Calimlim. They are currently incarcerated in federal prison. The defendant, Christina Calimlim, is not within the persons defined as the parent

defendants and therefore, this count is not directed against her. To the extent that there are any allegations against the defendant, Christina Calimlim, they are specifically denied.

Count 2 is a claim based upon 18 U.S.C. § 1962 (b), more commonly known as the Civil RICO Conspiracy statute and is pled against all defendants and co-conspirators. Count 3 is brought pursuant to Wisconsin Statute § 946.80, which is the state RICO statute. Both of these statutes are fraud statutes that require that the plaintiff must plead with particularity the circumstances constituting fraud or mistake. ***Rule 9, Federal Rules of Civil Procedure*** and *Midwest Grinding Co., Inc. v. Spitz, et al*, 976 F.2d 1016 (7th Cir. 1992), 23 Fed.R.Serv. 3d 629, RICO Bus. Disp. Guide 8080. With respect to the defendants, Christina Calimlim, there are no specific allegations with respect to dates, times or the specific conduct that she did and consequently, Counts 2 and 3 must be dismissed for failure to plead with particularity the circumstances constituting fraud or mistake.

In addition to prevail in a RICO case, the plaintiff must prove a pattern of racketeering consisting of at least two separate criminal acts and there must a threat of continued activity. Where the acts are acts of fraud, the circumstances of each act must be pled with particularity. *Emery v. American General Finance, Inc.*, 71 F.3d 1343 (7th Cir. 1996), RICO Bus. Disp Guide 8938 and *Miller v. Gain Financial, Inc. S.C.,* 995 F. 2d 706 (7th Cir. 1993), 26 Fed.R.Serv.135,Rico Bus.Disp.Guide8309. Rule 9 of the Federal Rules of Civil Procedure requires that there be names, dates or other details of transactions involving the defendant, in this case, Christina Calimlim, the plaintiff, and at least one other person in order to establish a pattern. (*Id.*) In this instance, although, based upon the plaintiff's Complaint, a fraud may have been directed against the plaintiff by Christina Calimlim, the plaintiff has failed to identify any other individuals who would be additional members of the plaintiff's class. These individuals

2

are necessary in order to identify a violation of RICO. (*Id.*) Consequently, the plaintiff will not be in a position to file an Amended Complaint with respect to Counts 2 and 3 as against the defendant, Christina Calimlim and therefore, said defendant should be dismissed with prejudice. *See also* **Bajorat v. Columbia-Breckenridge Development,** 944 F. Supp. 1371 (N.D. Ill. 1996), RICO Bus. Disp. Guide 9371.

In addition to all of the foregoing, the plaintiff is not able to plead a threat of continued activity as is required by the RICO statutes. ***Viacom, Inc. v. Harbridge Merchant Services, Inc.***, 20 F.3d 771, 28 Fed. R. Serv. 3d 1008, RICO Bus. Disp. Guide 8541 (7th Cir. 1994). Obviously, based upon the plaintiff's Complaint, the plaintiff, Irma Martinez, is free and living in Illinois. In addition, the parent defendants as well as the defendant, Jefferson M. Calimlim, are currently imprisoned. The defendant, Christina Calimlim is living in Illinois and the plaintiff has not pled that she is a continued threat to her. Consequently, there can be no threat of continued activity as required by the RICO statutes.

Count 4 is based on 18 U.S.C. § 1584 under Title 18, which is the Crimes and Criminal Procedure Section of the United States Code. That provision states that:

> Whoever knowingly and willfully holds to involuntarily servitude or sells into any condition of involuntarily servitude, any person for any term, or brings within the United States any person so held, shall be fined under this title and imprisoned not more than twenty years, or both. If death results from the violation of this section, or if the violation includes kidnapping or an attempt to kidnap, aggravated sexual abuse, or the attempt to commit aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title or imprisoned for any term of years or life, or both.

18 U.S.C. § 1595 sets forth which statutes under Title 18 provide for a civil remedy. The sections of the title that are identified as providing a civil action against the perpetrator are 1589,

1590 or 1591. There is no provision that a civil remedy is available pursuant to § 1584 and therefore, this count should be dismissed as well.

For the reasons set forth above, the defendant, Christina Calimlim, respectfully requests that this court dismiss Count 2, Count 3 and Count 4, with prejudice.

Dated this 26th day of November, 2008.

EMILE BANKS & ASSOCIATES, LLC
Attorneys for Defendant, Christina Calimlim

By: /S/Ellen L. Spahr
ELLEN L. SPAHR
State Bar No. 1058362

POST OFFICE ADDRESS:
High Pointe, Suite 290
1200 North Mayfair Road
Milwaukee, WI 53226
(414) 777-0000

**Proof of Service:**
The undersigned certifies that the foregoing document has been filed electronically on 11/26/08 and is available for viewing and downloading from the ECF system. The document was served upon the following through their consent to electronic service:

> Mr. Robert H. Friebert
> Mr. S. Todd Farris
> Ms. Shannon A. Allen
> Mr. M. Andrew Skwierawski

The document was served upon the following through U.S. mail (paper copy) due to their nonconsent to electronic service:

> Mr. Jerold S. Solovy
> Ms. Reena R. Bajowala
> Ms. Martina E. Vandenberg
> Ms. Sarah A. Maguire

s/ Laural L. Cobus, Legal Assistant