IRMA MARTINEZ,

'08 DEC -1 P 4 :23

Plaintiff,

v.

Case No. 2:08-cv-00810-LA

JEFFERSON N. CALIMLIM,
ELNORA M. CALIMLIM,
JEFFERSON M. CALIMLIM,
CHRISTOPHER JACK CALIMLIM, and
CHRISTINA CALIMLIM,

Defendants.

## DEFENDANT, JEFFERSON M. CALIMLIM'S ANSWER TO PLAINTIFFS COMPLAINT

Defendant Jefferson M. Calimlim, by and through his attorneys, Leib & Katt, LLC, as and for an Answer to Plaintiff's Complaint, alleges and shows the Court as follows:

### INTRODUCTION

1. In answer to paragraph 1, this answering Defendant denies that Irma Martinez was trafficked in the Untied States and forced working against her will as a domestic servant any time not material to this action. With regard to the remainder of the allegations contained in paragraph 1, this answering Defendant cannot answer as there are no factual allegations to support the claim, but rather legal conclusions. For that reason, this answering Defendant denies the remainder of the allegations contained therein, and puts the Plaintiff to its strict proof thereon.

2. In answer to paragraph 2, this answering Defendant admit the fact of conviction, but infinitively allege that Jefferson Calimlim, Jr. denied all material allegations and continues to do so which lead to the conviction referenced in paragraph 2.

3. In answer to paragraph 3, this answering Defendant affirmatively alleges that the opinion of the U.S. Court of Appeals for the 7th Circuit referenced in paragraph 3 speaks for itself, denies any allegation or implication contained in paragraph 3 that is inconsistent or contrary to the opinion of the 7th Circuit.

4. In answer to paragraph 4, this answering Defendant denies each and every allegation contained therein.

## JURISDICTION AND VENUE

5. In answer to paragraph 5, this answering Defendant denies each and every allegation contained therein.

6. In answer to paragraph 6, this answering Defendant admits that one or more defendants resided or maintained their principal residence in this district. With regard to the remainder of the allegations contained in paragraph 6, this answering Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the Plaintiff to its strict proof thereon.

## PARTIES

### Plaintiff

7. In answer to paragraph 7, this answering Defendant denies that the Plaintiff was a victim of a "racketeering scheme conducted by the individual Defendants" as described in paragraph 7. With regard to the reminder of the allegations contained in paragraph 7, this answering Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the Plaintiff to its strict proof thereon.

### Defendants and Co-conspirators

8. In answer to paragraph 8, this answering Defendant admits the same.

9. In answer to paragraph 9, this answering Defendant admits the same.

10. In answer to paragraph 10, this answering Defendant denies that Jefferson Calimlim, Jr. "forced" plaintiff to act in any way, or specifically forced her to act as his servant at any time material to this action. With regard to the reminder of the allegations contained in paragraph 10, this answering Defendant admit generally that Jefferson Calimlim, Jr. was "approximately eleven years old" when Plaintiff began living with them, but denies any allegation or implication contained in paragraph 10 that Ms. Martinez was "trafficked" into the United States. With regard tot eh remainder of the allegations contained in paragraph 10, this answering Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the Plaintiff to its strict proof thereon.

11. In answer to paragraph 11, this answering Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the Plaintiff to its strict proof thereon.

12. In answer to paragraph 12, this answering Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the Plaintiff to its strict proof thereon.

13. In answer to paragraph 13, this answering Defendant admits that at the times referenced, he resided from time to time with his parents at the residence identified in Brookfield, Wisconsin. With regard to the remainder of the allegations contained therein, this answering Defendant denies is denies the same and puts the Plaintiff to its strict proof thereon.

## FACTUAL ALLEGATIONS

Defendant has filed with the court his Motion to Strike Paragraphs 14 through 106 of the Complaint and therefore no answer to these Paragraphs is required during the pendency of that

Motion. In the event said Motion is denied, this answering Defendant will amend accordingly and respond to paragraphs 14 through 106 of Plaintiff's Complaint.

## CAUSES OF ACTION

### COUNT 1
### CIVIL RICO: 18 U.S.C. § 1962(c)
### (Against the Parent Defendants)

107. In answer to paragraph 107, this answering Defendant realleges and incorporates by reference his answers to paragraphs 1 through 106 above.

108. In answer to paragraph 108, this answering Defendant makes no answer as there is no allegation against it and no relief sought from it in paragraph 108. However, if any allegations contained in paragraph 108 could be construed as inconsistent with the answers submitted by this answering Defendant in this pleading, or any other pleading filed with this Court in this case, this answering Defendant denies the same.

109. In answer to paragraph 109, this answering Defendant makes no answer as there is no allegation against it and no relief sought from it in paragraph 109. However, if any allegations contained in paragraph 109 could be construed as inconsistent with the answers submitted by this answering Defendant in this pleading, or any other pleading filed with this Court in this case, this answering Defendant denies the same.

110. In answer to paragraph 110, this answering Defendant makes no answer as there is no allegation against it and no relief sought from it in paragraph 110. However, if any allegations contained in paragraph 110 could be construed as inconsistent with the answers submitted by this answering Defendant in this pleading, or any other pleading filed with this Court in this case, this answering Defendant denies the same.

111. In answer to paragraph 111, this answering Defendant makes no answer as there is no allegation against it and no relief sought from it in paragraph 111. However, if any

allegations contained in paragraph 111 could be construed as inconsistent with the answers submitted by this answering Defendant in this pleading, or any other pleading filed with this Court in this case, this answering Defendant denies the same.

112. In answer to paragraph 112, this answering Defendant makes no answer as there is no allegation against it and no relief sought from it in paragraph 112. However, if any allegations contained in paragraph 112 could be construed as inconsistent with the answers submitted by this answering Defendant in this pleading, or any other pleading filed with this Court in this case, this answering Defendant denies the same.

113. In answer to paragraph 113, this answering Defendant makes no answer as there is no allegation against it and no relief sought from it in paragraph 113. However, if any allegations contained in paragraph 113 could be construed as inconsistent with the answers submitted by this answering Defendant in this pleading, or any other pleading filed with this Court in this case, this answering Defendant denies the same.

114. In answer to paragraph 114, this answering Defendant makes no answer as there is no allegation against it and no relief sought from it in paragraph 114. However, if any allegations contained in paragraph 114 could be construed as inconsistent with the answers submitted by this answering Defendant in this pleading, or any other pleading filed with this Court in this case, this answering Defendant denies the same.

115. In answer to paragraph 115, this answering Defendant makes no answer as there is no allegation against it and no relief sought from it in paragraph 115. However, if any allegations contained in paragraph 115 could be construed as inconsistent with the answers submitted by this answering Defendant in this pleading, or any other pleading filed with this Court in this case, this answering Defendant denies the same.

## COUNT II
## CIVIL RICO CONSPIRACY: 18 U.S.C. § 1962(d)

Case 2:08-cv-00810-LA    Filed 12/01/08    Page 5 of 9    Document 30
5

**(Against all Defendants and Co-conspirators)**

116. In answer to paragraph 116, this answering Defendant realleges and incorporates by reference its answers to paragraphs 1 through 115 above.

117. In answer to paragraph 117, this answering Defendant denies the same.

118. In answer to paragraph 118, this answering Defendant denies the same.

119. In answer to paragraph 119, this answering Defendant denies the same.

120. In answer to paragraph 120, this answering Defendant denies the same.

121. In answer to paragraph 121, this answering Defendant denies each and every allegation, including the allegations contained in subparagraphs (a) through (j).

122. In answer to paragraph 122, this answering Defendant denies the same.

## COUNT III
## WISCONSIN ORGANIZED CRIME CONTROL ACT: Wis.Stat.5 § 946.80
**(Against all Defendants and Co-conspirators)**

123. In answer to paragraph 123, this answering Defendant realleges and incorporates by reference its answers to paragraphs 1 through 122 above.

124. In answer to paragraph 124, this answering Defendant denies the same.

125. In answer to paragraph 125, this answering Defendant denies the same.

126. In answer to paragraph 126, this answering Defendant denies the same.

127. In answer to paragraph 127, this answering Defendant denies the same.

128. In answer to paragraph 128, this answering Defendant denies the same.

129. In answer to paragraph 129, this answering Defendant denies each and every allegation contained therein, including the allegations contained in subparagraphs (a) through (d).

## COUNT IV
## INVOLUNTARY SERVITUDE: THE 13th AMENDMENT AND 18 U.S.C § 1584

**(Against all Defendants and Co-conspirators)**

130. In answer to paragraph 130, this answering Defendant realleges and incorporates by reference its answers to paragraphs 1 through 129 above.

131. In answer to paragraph 131, this answering Defendant makes no answer as there is no claim against it and no relief sought from it in paragraph 131.

132. In answer to paragraph 132, this answering Defendant denies the same.

133. In answer to paragraph 133, this answering Defendant denies the same.

134. In answer to paragraph 134, this answering Defendant denies the same.

135. In answer to paragraph 135, this answering Defendant denies the same.

## COUNT V
## TRAFFICKING WITH RESPECT TO PEONAGE, SLAVERY, INVOLUNTARY SERVITUDE OR FORCED LABOR: 18 U.S.C § 1590, 1595
**(Against all Defendants and Co-conspirators)**

136. In answer to paragraph 136, this answering Defendant realleges and incorporates by reference its answers to paragraphs 1 through 135 above.

137. In answer to paragraph 137, this answering Defendant denies the same.

138. In answer to paragraph 138, this answering Defendant makes no answer as there is no claim against it and no relief sought from it in paragraph 138. However, if any allegations contained in paragraph 138 could be construed as inconsistent with the answers submitted by this answering Defendant in this pleading, or any other pleading filed with this Court in this case, this answering Defendant denies the same.

139. In answer to paragraph 139, this answering Defendant makes no answer as there is no claim against it and no relief sought from it in paragraph 139. However, if any allegations contained in paragraph 139 could be construed as inconsistent with the answers submitted by this

answering Defendant in this pleading, or any other pleading filed with this Court in this case, this answering Defendant denies the same.

140. In answer to paragraph 140, this answering Defendant denies the same.

141. In answer to paragraph 141, this answering Defendant denies the same.

142. In answer to paragraph 142, this answering Defendant denies the same.

143. In answer to paragraph 143, this answering Defendant denies the same.

144. In answer to paragraph 144, this answering Defendant denies the same.

## COUNT VI
## FORCED LABOR: 18 U.S.C § 1589, 1595
## (Against all Defendants and Co-conspirators)

145. In answer to paragraph 145, this answering Defendant realleges and incorporates by reference its answers to paragraphs 1 through 144 above.

146. In answer to paragraph 146, this answering Defendant denies the same.

147. In answer to paragraph 147, this answering Defendant denies the same.

148. In answer to paragraph 148, this answering Defendant denies the same.

149. In answer to paragraph 149, this answering Defendant denies the same.

150. In answer to paragraph 150, this answering Defendant denies the same.

151. In answer to paragraph 151, this answering Defendant denies the same.

152. In answer to paragraph 152, this answering Defendant denies the same.

153. In answer to paragraph 153, this answering Defendant denies the same.

## AFFIRMATIVE DEFENSES

As and for separate and affirmative defenses, Defendant Jefferson M. Calimlim, alleges and shows the Court as follows:

1. That Plaintiff fails to state a claim upon which relief can be granted.

2. That Plaintiffs claims may be barred by the applicable Statue of Limitations

WHEREFORE, Defendant, Jefferson M. Calimlim., hereby demands judgment dismissing the Plaintiffs Complaint together with all costs and disbursements of this action.

**THE DEFENDANT HEREBY DEMANDS A TRIAL
BY A JURY OF TWELVE PERSONS**

Dated at Milwaukee, Wisconsin this 1st day of December, 2008.

**LEIB & KATT, LLC**
Attorneys for Defendant, Jefferson M. Calimlim

_/s/ Mark D. Malloy_
Mark D. Malloy
State Bar No.: 1035066
Julie L. Belanger
State Bar No.: 1054847

ADDRESS:
River Bank Plaza, Suite 600
740 N. Plankinton Avenue
Milwaukee, WI 53203
(414) 276-8816