# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

IRMA MARTINEZ
        Plaintiff,

   v.                                     Case No. 08-CV-00810

JEFFERSON N. CALIMLIM,
ELNORA M. CALIMLIM,
JEFFERSON M. CALIMLIM,
CHRISTOPHER JACK CALIMLIM,
CHRISTINA CALIMLIM,
        Defendants.

## DECISION AND ORDER

Plaintiff Irma Martinez brings this action against members of the Calimlim family, alleging that defendants brought her to the United States from the Philippines in 1985 and essentially enslaved her for nineteen years for the purpose of extracting forced labor from her. Plaintiff alleges that the parent defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiff also brings five other claims against all defendants: conspiracy to violate RICO, violation of the Wisconsin Organized Crime Control Act ("WOCCA"), and violation of the Thirteenth Amendment, and statutes prohibiting trafficking and forced labor.

Six insurance companies now seek to intervene. They also ask me to bifurcate the litigation addressing insurance coverage first and stay the liability phase. The parties concede that intervention is appropriate, but plaintiff objects to the request to bifurcate and stay. Defendants do not object to the insurance companies' request to bifurcate and stay

but ask that I first decide their motions to dismiss.[1] The insurers that seek to intervene are Allstate, Allstate Floridian, Atlantic, Centennial, State Farm, and West Bend. Because all satisfy the requirements specified in Fed. R. Civ. P. 24(a) and because no party opposes intervention, I will grant the motion to intervene.

As for the issue of bifurcating the issues and staying the liability question, under Wisconsin law,

> the proper procedure for an insurance company to follow when coverage is disputed is to request a bifurcated trial on the issues of coverage and liability and move to stay any proceedings on liability until the issue of coverage is resolved. When this procedure is followed, the insurance company runs no risk of breaching its duty to defend.

Newhouse by Skow v. Citizens Sec. Mut. Ins. Co., 176 Wis.2d 824, 836 (1993). The ultimate decision to bifurcate under Rule 42(b) is within the court's discretion and will be overturned only upon a clear showing of abuse. McLaughlin v. State Farm, 30 F.3d 861, 870 (7th Cir. 1994).

Plaintiff opposes birfurcating coverage and liability issues and staying the liability issue pending resolution of coverage. She argues that she would be prejudiced and that judicial resources would be wasted. However, plaintiff significantly overstates the complexity involved in deciding the coverage issue. The coverage issue is a straightforward one, and I anticipate little difficulty in resolving it quickly. The coverage issues rests on the four corners of the complaint and the terms and conditions of the policies. See Newhouse, 176 Wis. 2d at 835. I think it extremely unlikely that plaintiff will be unfairly prejudiced by bifurcation and stay.

---

[1] I recently decided such motions.

For the foregoing reasons,

**IT IS ORDERED** that the motions to intervene are **GRANTED**.

**IT IS FURTHER ORDERED** that the motions to bifurcate the issues of liability and coverage and to stay the liability proceedings are **GRANTED**.

Dated at Milwaukee, Wisconsin this 26 day of August, 2009.

/s_____
LYNN ADELMAN
District Judge

3

Case 2:08-cv-00810-LA   Filed 08/26/09   Page 3 of 3   Document 132