IRMA MARTINEZ,

        Plaintiff,

v.

                                        Civil Action No. 08-CV-00810

JEFFERSON N. CALIMLIM, ELNORA M.
CALIMLIM, JEFFERSON M. CALIMLIM,
CHRISTOPHER JACK CALIMLIM, CHRISTINA
CALIMLIN,

              Defendants,

and

ATLANTIC MUTUAL INSURANCE COMPANY
CENTENNIAL INSURANCE COMPANY,
STATE FARM CASUALTY COMPANY,
ALLSTATE INSURANCE COMPANY,
ALLSTATE FLORIDIAN INSURANCE COMPANY
and WEST BEND MUTUAL INSURANCE COMPANY,

              Intervening Defendants.

---

**INTERVENING DEFENDANTS ATLANTIC MUTUAL INSURANCE COMPANY'S**
**AND CENTENNIAL INSURANCE COMPANY'S AMENDED COMPLAINT FOR**
**DECLARATORY JUDGMENT**

---

Intervening Defendants, Atlantic Mutual Insurance Company and Centennial Insurance

Company (herein the "Atlantic Companies"), by their attorneys, request declaratory relief

pursuant to 28 U.S.C. § 2201 as follows:

## INTRODUCTION

1.     This Amended Complaint for Declaratory Judgment seeks an order declaring that

the Atlantic Companies have no duty to defend or indemnify the above-captioned Defendants

(collectively, the "Calimlims") relative to any claims brought by plaintiff Irma Martinez in *Martinez v. Calimlim et al.* ("Underlying Action").

## SUBJECT MATTER JURISDICTION

2.     The Atlantic Companies have intervened as of right under Fed. R. Civ. P. 24(a)(2). The Atlantic Companies' claim falls within the supplemental jurisdiction of the Court. 28 U.S.C. § 1367.

## THE PARTIES

3.     Intervening Defendants, the Atlantic Companies, are licensed in Wisconsin, are domiciles of New York, and maintain their respective principle places of business at 100 Wall Street, New York, NY 10005-3743.

4.     Upon information and belief, defendant Dr. Jefferson N. Calimlim is domiciled in Wisconsin.

5.     Upon information and belief, defendant Dr. Elnora M. Calimlim is domiciled in Wisconsin.

6.     Upon information and belief, defendant Jefferson N. Calimlim is domiciled in Wisconsin.

7.     Upon information and belief, defendant Christopher Jack Calimlim is domiciled in Wisconsin.

8.     Upon information and belief, defendant Christina Calimlim is domiciled in Illinois.

9.     Upon information and belief, plaintiff Irma Martinez is a citizen of the Philippines, who resides in Illinois on account of a T Visa she obtained after escaping the custody of the Calimlims. Martinez is a necessary party in relation to the coverage issues raised in this Amended Complaint for Declaratory Judgment.

2

## THE POLICIES

10.     The Atlantic Companies insured Jefferson N. Calimlim and Elnora M. Calimlim (the "Named Insureds") under Policy No. 512111767 0001, a homeowners' policy, which was effective December 24, 1997 through December 24, 1998, and renewed annually thereafter through December 24, 2002 as Policy Nos. 512111767 0002, 512111767 0003, 512111767 0004, and 512111767 0005, respectively. Certified copies of these policies are attached hereto as Exhibits A-E, respectively, and these policies will be collectively referred to herein as "Policy No. 512111767". Policy No. 512111767 has a limit of $500,000.

11.     The Atlantic Companies insured the Named Insureds under umbrella Policy No. 473050207 0001, which was effective for the policy period of December 15, 1998 through December 15, 1999, and was renewed annually thereafter through December 15, 2002 as Policy Nos. 473050207 0002, 473050207 0003, and 473050207 0004, respectively. Certified copies of these policies are attached hereto as Exhibits F-I, respectively, and these policies will be collectively referred to herein as "Policy No. 473050207". Policy No. 473050207 has a limit of $3 million.

12.     The Atlantic Companies also issued Policy No. 285276308 0001 to the Named Insureds, which provided both homeowners' and umbrella coverage and was effective December 15, 2002 through December 15, 2003, and was renewed as Policy No. 285276308 0002 for the period of December 15, 2003 through December 15, 2004. Certified copies of these policies are attached hereto as Exhibits J and K, respectively, and these policies will be collectively referred to herein as "Policy No. 285276308". The homeowners' coverage of Policy No. 285276308 has limits of $500,000, and the umbrella coverage has limits of $3 Million.

13.     The Named Insureds have tendered the defense of the plaintiff's claims against them in the Underlying Action and the Atlantic Companies have denied any coverage for the

3

1266872.1-HRA7444

Case 2:08-cv-00810-LA   Filed 09/24/09   Page 3 of 24   Document 145

plaintiff's claims under the aforementioned policies. Thus, an actual controversy exists under 28 U.S.C. § 2201.

## THE UNDERLYING ACTION

14.     Upon information and belief, the plaintiff filed the instant lawsuit against the Calimlims on September 25, 2008.

15.     The Underlying Action alleges conduct and injury by the Calimlims over the past 19 years that is wholly intentional in nature, including claims of Civil RICO; Civil RICO Conspiracy; Violation of the Wisconsin Organized Crime Control Act; Involuntary Servitude; Trafficking with respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor; and Forced Labor.

16.     The Underlying Action was tendered to the Atlantic Companies so that they would provide a defense to the Calimlims under policies of insurance issued to the Named Insureds.

17.     The Atlantic Companies issued a denial of coverage to the Calimlims with respect to the Underlying Action.

## COUNT I

## CLAIM FOR DECLARATORY JUDGMENT
## AS TO POLICY NO. 512111767

18.     The Atlantic Companies incorporate by reference paragraphs 1-17 above as if fully set forth herein.

19.     Policy No. 512111767 contains the following insuring agreement:

## PART III:  YOUR LIABILITY COVERAGE

* * *

## WHAT WE COVER

4

## A.    PERSONAL LIABILITY

This coverage applies to accidents that do **not** involve a motor vehicle. We'll pay money an *insured person* is legally obligated to pay as damages because of:

- bodily injury,

- nonbodily injury; or

- property damage.

* * *

## <u>DAMAGES WE'LL PAY</u>

So far, you've seen that your liability coverage pays for certain damages and *medical expenses* stemming from an accident.

* * *

20.    Policy No. 512111767 defines bodily injury as "physical harm, sickness, mental anguish or death, including any care required or services lost because of the injury." The Policy defines nonbodily injury as "false arrest, invasion of privacy, wrongful eviction or entry, libel, slander or defamation of character." Property damage is defined as "physical damage or destruction to property, or the loss of its use."

21.    The Underlying Action does not allege or seek recovery for "bodily injury," "property damage," or "nonbodily injury" as those terms are defined in Policy No. 512111767.

22.    Every claim within the Underlying Action alleges intentional conduct by the defendants, including Civil RICO; Civil RICO Conspiracy; Violation of the Wisconsin Organized Crime Control Act; Involuntary Servitude; Trafficking with respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor; and Forced Labor. Thus, the Underlying Action does not allege an accident as required for coverage under Policy No. 512111767.

5

23.     Policy No. 512111767 only covers occurrences during its policy period; thus, no coverage exists for conduct and injury outside the effective policy period for Policy No. 512111767.

24.     Policy No. 512111767 provides that it insures the following people:

> **Who we insure**
>
> Under this coverage, "*insured person*" includes you, other *family members*, and the following other people and organizations:
>
> * * *

25.     Policy No. 512111767 defines a family member to include the named insureds' children "but **only** if they are residents of [the insureds'] household."

26.     Upon information and belief, defendant Jefferson M. Calimlim was not a resident of the Named Insureds' household during the relevant policy periods. Consequently, he is not an insured under Policy No. 512111767.

27.     Upon information and belief, defendant Christopher Jack Calimlim was not a resident of the Named Insureds' household during the relevant policy periods. Consequently, he is not an insured under Policy No. 512111767.

28.     Upon information and belief, defendant Christina Calimlim was not a resident of the Named Insureds' household during the relevant policy periods. Consequently, she is not an insured under Policy No. 512111767.

29.     Policy No. 512111767 contains the following relevant exclusions:

> **DAMAGES WE WON'T PAY**
>
> In this section of your Distinctive Home Policy, we describe certain "*exclusions*". We won't pay the liability or *medical expenses* to which an "*exclusion*" applies.

6

### A.   CLAIMS FOR NONBODILY INJURY

We won't pay damages for any *nonbodily injury* that one of these *exclusions* applies to:

**(1)    Illegal actions.**  We won't pay damages for any *nonbodily injury* caused by an illegal or intentional action that an *insured person* committed, or that was committed with an *insured person's* knowledge or consent.

**(2)    Employee injuries.**  We won't pay for damages for *nonbodily injury* to an *insured person's* employee, if it is related in any way to his or her work for the *insured person.*

* * *

### B.   CLAIMS FOR BODILY INJURY OR PROPERTY DAMAGE

For *bodily injury* or *property damage,* we won't pay any claims or *medical expenses* that one of these *exclusions* applies to:

**(1)    Intentional injury or damage.**  We won't pay personal liability or *medical expenses* for an accident caused by an expected or intended act by an *insured person*, or for any resulting injury whether intended or not.

* * *

**(20)   Molestation and Corporal Punishment**.  We won't pay personal liability or *medical expenses* caused by an *insured person's* involvement in sexual molestation, corporal punishment or physical or mental abuse.

* * *

30.    To the extent the Underlying Action is construed to allege "bodily injury" or "property damage" stemming from an accident as those terms are defined, which the Atlantic Companies dispute, any potential for coverage under Policy No. 512111767 is excluded by the Policy's intentional injury and/or molestation and corporal punishment exclusions.

7

1266872.1-HRA7444

31.     To the extent the Underlying Action is construed to alleged "nonbodily injury" stemming from an accident as those terms are defined, which the Atlantic Companies dispute, any potential for coverage under Policy No. 512111767 is excluded by the Policy's illegal actions and/or employee injuries exclusions.

32.     Accordingly, the Atlantic Companies do not owe any duty to defend or indemnify the Calimlims for the Underlying Action under Policy No. 512111767.

**WHEREFORE**, Intervening Defendants, the Atlantic Companies, respectfully request that this Court enter a judgment finding and declaring as follows:

a)     That Policy No. 512111767 does not provide coverage for the claims made against the Calimlims in the Underlying Action;

b)     That defendants Jefferson M. Calimlim, Christopher Jack Calimlim, and Christina Calimlim are not insureds under Policy No. 512111767;

c)     That the Atlantic Companies do not have a duty to defend the Calimlims and do not owe the Calimlims any reimbursement for costs, fees, and/or settlement amounts paid or incurred by the Calimlims in defense of the Underlying Action under Policy No. 512111767;

d)     That the Atlantic Companies do not have a duty to indemnify the Calimlims for amounts paid or incurred by the Calimlims in the Underlying Action under Policy No. 512111767;

e)     That the Calimlims be permanently enjoined from claiming any benefit under Policy No. 512111767 with respect to the claims alleged in the Underlying Action; and

f)     That the Court enter such further declarations and award such further relief as it deems necessary and appropriate.

## COUNT II

### CLAIM FOR DECLARATORY JUDGMENT AS TO POLICY NO. 473050207

33.     The Atlantic Companies incorporate by reference paragraphs 1-32 above as if fully set forth herein.

1266872.1-HRA7444

34.    Policy Nos. 473050207 0001 and 473050207 0002 contain the following insuring

agreement:

## INSURING AGREEMENTS

**A.    COVERAGE.**    The company agrees to pay on behalf of the insured the ultimate net loss in excess of the retained limit which the insured shall become legally obligated to pay as damages because of personal injury or property damage resulting from occurrences during the policy period.

With respect to any occurrence not covered by the underlying policy(ies) or insurance described in Schedule A hereof or any other underlying insurance collectible by the insured but covered by the terms and conditions of this policy except for the amount of retained limit specified in Item (2) of Insuring Agreement E, the company shall defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation, and settlement of any claim or suit as it deems expedient.

\* \* \*

35.    Policy Nos. 473050207 0001 and 473050207 0002 contain the following relevant

definitions:

## DEFINITIONS

\* \* \*

**F.    "OCCURRENCE"** means an accident, including injurious exposure to conditions, which results, during the policy period, in personal injury or property damage, neither expected nor intended from the standpoint of the insured.

**G.    "PERSONAL INJURY"** means:

1.    bodily injury, sickness, disease, disability shock, mental anguish and mental injury;

9

2. false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution or humiliation;

3. libel, slander, defamation of character or invasion of the right of privacy;

**H.** **"PROPERTY DAMAGE"** means injury to or destruction of tangible property.

\* \* \*

36. The Underlying Action does not allege or seek recovery for "personal injury" or "property damage," as those terms are defined in Policy Nos. 473050207 0001 and 473050207 0002.

37. Every claim within the Underlying Action alleges intentional conduct by the defendants, including Civil RICO; Civil RICO Conspiracy; Violation of the Wisconsin Organized Crime Control Act; Involuntary Servitude; Trafficking with respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor; and Forced Labor. Thus, the Underlying Action does not allege an "occurrence" as that term is defined in Policy Nos. 473050207 0001 and 473050207 0002.

38. Policy Nos. 473050207 0001 and 473050207 0002 only cover occurrences during their respective policy periods; thus, no coverage exists for conduct and injury outside the effective policy periods of Policy Nos. 473050207 0001 and 473050207 0002.

39. Policy Nos. 473050207 0001 and 473050207 0002 define an insured as follows:

**DEFINITIONS**

\* \* \*

**D.** **"NAMED INSURED" AND "INSURED"**

1. "Named insured" means the individual named in the declarations and also includes the spouse thereof if a resident of the same household;

10

2.   The unqualified word "insured" includes the named insured and also:

(a)   any relative or, if residents of the named insured's household, the wards of the named insured and any other person under the age of twenty-one in the care of an insured (except with respect to the ownership, maintenance or use, including loading and unloading, of automobiles while away from premises owned by, rented to, or controlled by the named insured or the ways immediately adjoining, or of aircraft);

\* \* \*

I.   **"RELATIVE"** means a relative of the named insured who is a resident of the same household.

\* \* \*

40.   Upon information and belief, defendant Jefferson M. Calimlim was not a resident of the Named Insureds' household during the relevant policy periods. Consequently, he is not an insured under Policy Nos. 473050207 0001 and 473050207 0002.

41.   Upon information and belief, defendant Christopher Jack Calimlim was not a resident of the Named Insureds' household during the relevant policy periods. Consequently, he is not an insured under Policy Nos. 473050207 0001 and 473050207 0002.

42.   Upon information and belief, defendant Christina Calimlim was not a resident of the Named Insureds' household during the relevant policy periods. Consequently, she is not an insured under Policy Nos. 473050207 0001 and 473050207 0002.

43.   Accordingly, the Atlantic Companies do not owe any duty to defend or indemnify the Calimlims for the Underlying Action under Policy Nos. 473050207 0001 and 473050207 0002.

11

44.   Policy Nos. 473050207 0003 and 473050207 0004 contain the following insuring

agreement:

## PART I:  YOUR PERSONAL UMBRELLA COVERAGE

* * *

### WHAT WE COVER

*Your* Personal Umbrella Policy applies to accidents covered by another liability policy, whether or not it's named on *your* Schedule of Underlying Insurance.  *We'll* pay the difference between *your retained limit* and an *insured person's* total liability for:

- bodily injury;

- nonbodily injury; and

- property damage.

### DAMAGES WE'LL PAY

*Your* Personal Umbrella Policy applies to additional kinds of accidents other than *your* regular liability coverage does. *Your* Personal Umbrella Policy applies to **any kind** of accident, except under the circumstances described in the next section.

45.   Policy Nos. 473050207 0003 and 473050207 0004 contain the following relevant

definitions:

### GLOSSARY

* * *

**Bodily injury** means physical harm, sickness, mental anguish or death, including any care required or services lost because of the injury.

* * *

**Nonbodily injury** means false arrest, invasion of privacy, wrongful eviction or entry, libel, slander or defamation of character.

12

**Occurrence** means the incident that causes an accident or loss. It can be a single event or a series of related events.

* * *

**Property damage** means physical damage or destruction to property, or the loss of its use.

* * *

46.     The Underlying Action does not allege or seek recovery for "bodily injury," "property damage," or "nonbodily injury" as those terms are defined in Policy Nos. 473050207 0003 and 473050207 0004.

47.     Every claim within the Underlying Action alleges intentional conduct by the defendants, including Civil RICO; Civil RICO Conspiracy; Violation of the Wisconsin Organized Crime Control Act; Involuntary Servitude; Trafficking with respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor; and Forced Labor. Thus, the Underlying Action does not allege an accident, as that term is defined within Policy Nos. 473050207 0003 and 473050207 0004.

48.     Policy Nos. 473050207 0003 and 473050207 0004 only cover occurrences during their respective policy periods; thus, no coverage exists for conduct and injury outside the effective policy periods for Policy Nos. 473050207 0003 and 473050207 0004.

49.     Policy Nos. 473050207 0003 and 473050207 0004 provide the following:

**Who we insure**

Under this coverage, "*insured person*" includes you, other *family members*, and the following other people and organizations:

* * *

13

50.     Policy Nos. 473050207 0003 and 473050207 0004 define the term "family member" to include the Named Insureds' children only if they are a resident of the Named Insureds' household.

51.     Upon information and belief, defendant Jefferson M. Calimlim was not a resident of the Named Insureds' household during the relevant policy periods. Consequently, he is not an insured under Policy Nos. 473050207 0003 and 473050207 0004.

52.     Upon information and belief, defendant Christopher Jack Calimlim was not a resident of the Named Insureds' household during the relevant policy periods. Consequently, he is not an insured under Policy Nos. 473050207 0003 and 473050207 0004.

53.     Upon information and belief, defendant Christina Calimlim was not a resident of the Named Insureds' household during the relevant policy periods. Consequently, she is not an insured under Policy Nos. 473050207 0003 and 473050207 0004.

54.     Policy Nos. 473050207 0003 and 473050207 0004 contain the following relevant exclusions:

### DAMAGES WE WON'T PAY

In this section, *we* describe certain *exclusions* that apply to *your* Personal Liability Policy.

\* \* \*

(11)    **Intentional damage or injury.**[1] *We* won't pay personal liability, vehicle liability, or *medical expenses* for any injury an insured person expected or intended to happen.

\* \* \*

(25)    **Illegal actions.** *We* won't pay damages for any *nonbodily injury* caused by an illegal or intentional

---

[1] As modified by Wisconsin Endorsement, Form 2Q4504.

14

action that an *insured person* committed, or that was committed with an *insured person's* knowledge or consent.

\* \* \*

(33) **Molestation and Corporal Punishment.** *We* won't pay personal liability or *medical expenses* caused by an *insured person's* involvement in sexual molestation, corporal punishment or physical or mental abuse.

\* \* \*

55. To the extent the Underlying Action is construed to allege "bodily injury" or "property damage" caused by an accident, which the Atlantic Companies dispute, any potential for coverage is excluded under Policy Nos. 473050207 0003 and 473050207 0004 by the intentional acts and/or the molestation and corporal punishment exclusions.

56. To the extent the Underlying Action is construed to allege "nonbodily injury" caused by an accident, which the Atlantic Companies dispute, any potential for coverage is excluded under Policy Nos. 473050207 0003 and 473050207 0004 by the intentional acts, illegal actions, and/or the molestation and corporal punishment exclusions.

57. Accordingly, the Atlantic Companies do not owe any duty to defend or indemnify the Calimlims for the Underlying Action under Policy Nos. 473050207 0003 and 473050207 0004.

**WHEREFORE**, Intervening Defendants, the Atlantic Companies, respectfully request that this Court enter a judgment finding and declaring as follows:

a) That Policy Nos. 473050207 0001 and 473050207 0002 do not provide coverage for the claims made against the Calimlims in the Underlying Action;

b) That Policy Nos. 473050207 0003 and 473050207 0004 do not provide coverage for the claims made against the Calimlims in the Underlying Action;

15

c) That defendants Jefferson M. Calimlim, Christopher Jack Calimlim, and Christina Calimlim are not insureds under Policy Nos. 473050207 0001 and 473050207 0002;

d) That defendants Jefferson M. Calimlim, Christopher Jack Calimlim, and Christina Calimlim are not insureds under Policy Nos. 473050207 0003 and 473050207 0004;

e) That the Atlantic Companies do not have a duty to defend the Calimlims and do not owe the Calimlims any reimbursement for costs, fees, and/or settlement amounts paid or incurred by the Calimlims in defense of the Underlying Action under Policy Nos. 473050207 0001 and 473050207 0002;

f) That the Atlantic Companies do not have a duty to defend the Calimlims and do not owe the Calimlims any reimbursement for costs, fees, and/or settlement amounts paid or incurred by the Calimlims in defense of the Underlying Action under Policy Nos. 473050207 0003 and 473050207 0004;

g) That the Atlantic Companies do not have a duty to indemnify the Calimlims for amounts paid or incurred by the Calimlims in the Underlying Action under Policy Nos. 473050207 0001 and 473050207 0002;

h) That the Atlantic Companies do not have a duty to indemnify the Calimlims for amounts paid or incurred by the Calimlims in the Underlying Action under Policy Nos. 473050207 0003 and 473050207 0004;

i) That the Calimlims be permanently enjoined from claiming any benefit under Policy Nos. 473050207 0001 and 473050207 0002 with respect to the claims alleged in the Underlying Action;

j) That the Calimlims be permanently enjoined from claiming any benefit under Policy Nos. 473050207 0003 and 473050207 0004 with respect to the claims alleged in the Underlying Action;

k) That the Court enter such further declarations and award such further relief as it deems necessary and appropriate.

## COUNT III

## <u>CLAIM FOR DECLARATORY JUDGMENT<br>AS TO POLICY NO. 285276308</u>

58. The Atlantic Companies incorporate by reference paragraphs 1-57 above as if fully set forth herein.

16

59.     Policy No. 285276308 provides the following insuring agreement under its homeowners' coverage:

## PART III:  YOUR LIABILITY COVERAGE

* * *

### WHAT WE COVER

### A.     PERSONAL LIABILITY

This coverage applies to accidents that do **not** involve a motor vehicle. We'll pay money an *insured person* is legally obligated to pay as damages because of:

- *bodily injury*,

- *nonbodily injury*; or

- *property damage.*

* * *

### DAMAGES WE'LL PAY

So far, you've seen that your liability coverage pays for certain damages and *medical expenses* stemming from an accident.  What kind of accident?  **Any kind** of accident, except under certain circumstances described in the next section.

60.     Policy No. 285276308 contains the following definitions relevant to its homeowners' coverage:

### GLOSSARY

* * *

**Bodily injury** means physical harm, sickness, mental anguish or death, including any care required or services lost because of the injury.

* * *

17

**Nonbodily injury** means false arrest, invasion of privacy, wrongful eviction or entry, libel, slander or defamation of character.

\* \* \*

**Occurrence** means the incident that causes an accident or loss. It can be a single event or a series of related events. Generally, our coverage applies separately to each *occurrence*.

\* \* \*

**Property damage** means physical damage or destruction to property, or the loss of its use.

\* \* \*

61.     The Underlying Action does not allege or seek recovery for "bodily injury," "property damage," or "nonbodily injury" as those terms are defined in Policy No. 285276308.

62.     Every claim within the Underlying Action alleges intentional conduct by the defendants, including Civil RICO; Civil RICO Conspiracy; Violation of the Wisconsin Organized Crime Control Act; Involuntary Servitude; Trafficking with respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor; and Forced Labor. Thus, the Underlying Action does not allege an accident, as that term is defined by the homeowners' coverage of Policy No. 285276308.

63.     Policy No. 285276308 contains the following relevant exclusions under its homeowners' coverage:

### DAMAGES WE WON'T PAY

In this section of your Atlantic Master Plan, we describe certain *"exclusions"*. We won't pay the liability or *medical expenses* to which an *"exclusion"* applies.

### A.     CLAIMS FOR NONBODILY INJURY

We won't pay damages for any *nonbodily injury* that one of these *exclusions* applies to:

18

(1) **Illegal actions.** We won't pay damages for any *nonbodily injury* caused by an illegal or intentional action that an *insured person* committed, or that was committed with an *insured person's* knowledge or consent.

(2) **Employee injuries.** We won't pay for damages for *nonbodily injury* to an *insured person's* employee, if it is related in any way to his or her work for the *insured person.*

\* \* \*

## B. CLAIMS FOR BODILY INJURY OR PROPERTY DAMAGE

For *bodily injury* or *property damage,* we won't pay any claims or *medical expenses* that one of these *exclusions* applies to:

(1) **Intentional injury or damage.**[2] We won't pay personal liability, vehicle liability or medical expenses for any injury an insured person expected or intended to happen.

\* \* \*

(29) **Molestation and Corporal Punishment.** We won't pay personal liability or *medical expenses* caused by an *insured person's* involvement in sexual molestation, corporal punishment or physical or mental abuse.

\* \* \*

64.    To the extent the Underlying Action is construed to allege "bodily injury" or "property damage" caused by an accident, which the Atlantic Companies dispute, any potential for coverage is excluded under the homeowners' coverage of Policy No. 285276308 by the intentional injury and/or the molestation and corporal punishment exclusions.

---

[2] As modified by Wisconsin Endorsement, Form AMP115L.

19

65.     To the extent the Underlying Action is construed to allege "nonbodily injury" caused by an accident, which the Atlantic Companies dispute, any potential for coverage is excluded under the homeowners' coverage of Policy No. 285276308 by the illegal actions and/or the employee injuries exclusions.

66.     Policy No. 285276308 provides the following umbrella coverage:

### PERSONAL UMBRELLA COVERAGE

* * *

### WHAT WE COVER

*Your* Personal Umbrella Policy applies to accidents covered by another liability policy, whether or not it's named on *your* Schedule of Underlying Insurance. *We'll* pay the difference between *your retained limit* and an *insured person's* total liability for:

- bodily injury;

- nonbodily injury; and

- property damage.

* * *

### DAMAGES WE'LL PAY

*Your* Personal Umbrella Coverage applies to additional kinds of accidents other than *your* regular liability coverage does. **None** of the *exclusions* described in any other part of *your* Atlantic Master Plan apply to this coverage. *Your* Personal Umbrella Coverage applies to **any kind** of accident, except under the circumstances described in the next section.

67.     The relevant definitions are set forth above in ¶ 60.

68.     The Underlying Action does not allege or seek recovery for "bodily injury," "property damage," or "nonbodily injury" as those terms are defined in the umbrella coverage of Policy No. 285276308.

20

69.     Every claim within the Underlying Action alleges intentional conduct by the defendants, including Civil RICO; Civil RICO Conspiracy; Violation of the Wisconsin Organized Crime Control Act; Involuntary Servitude; Trafficking with respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor; and Forced Labor.   Thus, the Underlying Action does not allege an accident, as that term is defined by the umbrella coverage of Policy No. 285276308.

70.     The umbrella coverage of Policy No. 285276308 excludes in relevant part:

> **DAMAGES WE WON'T PAY**
>
> In this section, *we* describe certain *exclusions* that apply to *your* Personal Umbrella Coverage.
>
> \* \* \*
>
> **(11)   Intentional damage or injury.**   *We* won't pay liability for any *occurrence* that an *insured person* intended to take place or for any resulting injury whether intended or not.
>
> \* \* \*
>
> **(25)   Illegal actions.**   *We* won't pay damages for any *nonbodily injury* caused by an illegal or intentional action that an *insured person* committed, or that was committed with an *insured person's* knowledge or consent.
>
> \* \* \*
>
> **(33)   Molestation and Corporal Punishment.**   *We* won't pay personal liability or *medical expenses* caused by an *insured person's* involvement in sexual molestation, corporal punishment or physical or mental abuse.
>
> \* \* \*

71.     To the extent the Underlying Action is construed to allege "bodily injury" or "property damage" caused by an accident, which the Atlantic Companies dispute, any potential

coverage is excluded under the umbrella coverage of Policy No. 285276308 by the intentional injury and/or molestation and corporal punishment exclusions.

72.     To the extent the Underlying Action is construed to allege "nonbodily injury" caused by an accident, which the Atlantic Companies dispute, any potential coverage is excluded under the umbrella coverage of Policy No. 285276308 by the intentional injury, illegal actions and/or molestation and corporal punishment exclusions.

73.     Policy No. 285276308 only covers occurrences during its policy period; thus, no coverage exists for conduct and injury outside the effective policy period for Policy No. 285276308.

74.     Policy No. 285276308 provides that it insures the following people:

> **Who we insure**
>
> Under this coverage, "*insured person*" includes you, other *family members*, and the following other people and organizations:
>
> \* \* \*

77.     Policy No. 285276308 defines the term "family member" to include the Named Insureds' children only if they are residents of the Named Insureds' household.

78.     Upon information and belief, defendant Jefferson M. Calimlim was not a resident of the Named Insureds' household during the relevant policy period.  Consequently, he is not an insured under Policy No. 285276308.

79.     Upon information and belief, defendant Christopher Jack Calimlim was not a resident of the Named Insureds' household during the relevant policy period.  Consequently, he is not an insured under Policy No. 285276308.

22

80.     Upon information and belief, defendant Christina Calimlim was not a resident of the Named Insureds' household during the relevant policy period. Consequently, she is not an insured under Policy No. 285276308.

81.     Accordingly, the Atlantic Companies do not owe any duty to defend or indemnify the Calimlims for the Underlying Action under Policy No. 285276308.

**WHEREFORE**, Intervening Defendants, the Atlantic Companies, respectfully request that this Court enter a judgment finding and declaring as follows:

a)     That Policy No. 285276308 does not provide coverage for the claims made against the Calimlims in the Underlying Action;

b)     That defendants Jefferson M. Calimlim, Christopher Jack Calimlim, and Christina Calimlim are not insureds under Policy No. 285276308;

c)     That the Atlantic Companies do not have a duty to defend the Calimlims and do not owe the Calimlims any reimbursement for costs, fees, and/or settlement amounts paid or incurred by the Calimlims in defense of the Underlying Action under Policy No. 285276308;

d)     That the Atlantic Companies do not have a duty to indemnify the Calimlims for amounts paid or incurred by the Calimlims in the Underlying Action under Policy No. 285276308;

e)     That the Calimlims be permanently enjoined from claiming any benefit under Policy No. 285276308 with respect to the claims alleged in the Underlying Action; and

f)     That the Court enter such further declarations and award such further relief as it deems necessary and appropriate.

23

Dated this 24th day of September, 2009.

MEISSNER TIERNEY FISHER & NICHOLS S.C.

By: /s/ Michael J. Cohen
    Michael J. Cohen, Esq.
    State Bar No: 1017787
    Jennifer A.B. Kreil, Esq.
    State Bar No: 1047210
    111 E. Kilbourn Avenue, 19th Floor
    Milwaukee, WI 53202-6622
    (414)-273-1300
    (414)-273-5840 (facsimile)
    mjc@mtfn.com
    jbk@mtfn.com

    — and —

    Amy R. Paulus, Esq.
    Hillary R. Ahle, Esq.
    Clausen Miller, P.C.
    10 South LaSalle Street, Suite 1600
    Chicago, Illinois 60603
    Telephone: (312) 855-1010
    Facsimile: (312) 606-7777
    apaulus@clausen.com
    hahle@clausen.com

    **Attorneys for Atlantic Mutual Insurance Company and Centennial Insurance Company**

24